UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA PILAROWSKI, et al.,

       Plaintiffs,

                                                                    Civil Action No. 10-CV-11170

vs.                                                       HON. MARK A. GOLDSMITH

SUSAN WISE, et al.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT TANYA SCHNABEL'S MOTION TO DISMISS (D.E. 27)

This is a constitutional civil rights case related to the actions taken by Defendants in relation to the three minor children of Plaintiffs Gerald and Lisa Pilarowski. In particular, the complaint alleges that Defendants removed and/or conspired to remove the children from the Pilarowskis' home in Illinois and place the children with their relatives in Michigan, and that Defendants pursued abandonment proceedings in Michigan, despite knowing that Gerald and Lisa Pilarowski had not abandoned the children. Plaintiffs claim various constitutional violations, including (i) violation of the Pilarowski children's right to be free from illegal seizure, (ii) conspiracy to violate the right to be free from illegal seizure, (iii) violation of Plaintiffs' liberty rights under the Fourteenth Amendment, and (iv) conspiracy to violate Plaintiffs' liberty rights under the Fourteenth Amendment.

Before the Court is Defendant Tanya Schnabel's motion to dismiss for lack of personal jurisdiction (Docket entry (D.E.) 27), filed on August 25, 2010. Plaintiffs did not respond to the motion, and the time to do so has expired.

There is some significant case history here. This case was reassigned to the undersigned district judge from U.S. District Judge Victoria A. Roberts on September 17, 2010. On October 5, 2010, the Court was informed by Plaintiff Lisa Pilarowski that Plaintiffs' counsel, Lloyd Johnson, had died. (Mr. Johnson had died on or around September 23, 2010.) Plaintiffs' response to the instant motion was due on October 6, 2010; Plaintiff Lisa Pilarowski informed the Court on October 6, 2010, that she was aware of the response deadline, and was in the process of obtaining new counsel. On October 13, 2010, Plaintiff Lisa Pilarowski informed the Court that she was still in the process of obtaining new counsel. On October 14, 2010, the Court issued an order extending the time for Plaintiffs' response until November 29, 2010. D.E. 35. On November 22, 2010, Plaintiff Lisa Pilarowski informed the Court that she was still searching for new counsel and requested another extension of time. On November 29, 2010, the Court issued an order extending the time for Plaintiffs' response until January 3, 2011. D.E. 37. Plaintiffs did not file a response by that date, and on January 11, 2011, the Court issued an order stating that it would decide the motion (along with two other pending motions to dismiss) without a hearing. D.E. 38. Plaintiffs have not filed a response to date, nor has new counsel for Plaintiffs appeared in the case.

While the Court is sympathetic to Plaintiffs' unexpected and unfortunate situation, in light of the multiple time extensions granted by this Court allowing Plaintiffs to obtain counsel and to respond to the motion, the Court must now proceed on the motion.

In her motion, Defendant Schnabel, a child protection investigator with the Illinois Department of Children and Family Services, argues that she is entitled to dismissal for lack of personal jurisdiction. Having thoroughly reviewed the motion, the Court agrees with Defendant Schnabel, a resident of Illinois, that Plaintiffs' complaint fails to satisfy the requirement that she purposely avail herself of the privilege of acting in or causing a consequence in the forum state. D.E. 27 at 9-10. As Defendant Schnabel points out, the extent of her contacts with the State of Michigan involved her contacting (Defendant) Susan Wise "for background information and assistance." D.E. 10 at ¶ 40. See Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1274 (6th Cir. 1998) (focus of the inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state").[1] This action, alone, is insufficient to establish purposeful availment for jurisdictional purposes.

Accordingly, the Court GRANTS Defendant Tanya Schnabel's motion to dismiss for lack of personal jurisdiction (D.E. 27). The claims against Schnabel are dismissed without prejudice.

SO ORDERED.

                                                  s/Mark A. Goldsmith
                                                  MARK A. GOLDSMITH
                                                  United States District Judge

Dated: March 31, 2011

---

[1] In addition, the allegations that Schnabel conspired or acted "in direct concert with" Susan Wise, a Michigan resident, to give the children to Susan and Daniel Wise, are not sufficient to establish conspiracy-theory jurisdiction. See e.g., Plastic Film Corp. of Am., Inc. v. Unipac, Inc., 128 F. Supp. 2d 1143 (N.D. Ill. 2001) (under "conspiracy theory of jurisdiction," it is not enough to simply allege the existence of a conspiracy; the party asserting jurisdiction under the conspiracy theory of jurisdiction must "(1) make a prima facie factual showing of conspiracy . . .; (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum."). Plaintiffs have failed to make the requisite allegations.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2011.

                                               s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager